1

2    Ameer Benno, Esq.
     BENNO & ASSOCIATES P.C.
3    30 Wall Street, 8ᵗʰ Floor
     New York, NY 10005
     Tel.: (212) 227-9300
4    abenno@ameerbenno.com

5    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK

6    ALEX RODRIGUEZ,                                          Index No.:  15-CV-793

                                           Plaintiff,    **SECOND AMENDED**
7                                                        **COMPLAINT**
     vs.
                                                         **JURY TRIAL REQUESTED**
8    THE CITY OF NEW YORK, DETECTIVE WALTER
     MARIN, DETECTIVE KATHLEEN GRANT, DETECTIVE
9    EHTASHAM KHAN, SERGEANT ADAN MUNOZ, UC #
     52, UC #286, DETECTIVE ANDREW PRENDERGAST,
10   DETECTIVE VINCENT BARASE, CAPTAIN GREGORY
     STEWART, and "JOHN DOES 1-15" (names being fictitious
11   and presently unknown and intended to be the law
     enforcement personnel involved in detention, battery,
12   searches, arrest, imprisonment and prosecution of plaintiff),

                                          Defendants.
13
     Plaintiff, by his attorneys, BENNO & ASSOCIATES P.C., complaining of Defendants, alleges
14
     as follows, upon information and belief:
15
                              **PRELIMINARY STATEMENT**
16
          1.       Plaintiff brings this action for compensatory damages, punitive damages, and
17
     attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil
18
     rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United
19
     States Constitution.   Plaintiff also asserts claims under New York law.
20

     SECOND AMENDED COMPLAINT - 1

**JURISDICTION**

2. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4).

3. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 USC § 1367.

**JURY TRIAL DEMANDED**

4. Plaintiff demands trial by jury of all issues properly triable thereby.

**VENUE**

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

6. Plaintiff ALEX RODRIGUEZ is a United States citizen and a citizen of the City and State of New York.

7. That at all times herein mentioned, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times herein mentioned, defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

9. That at all times herein mentioned, defendant DETECTIVE WALTER MARIN (hereinafter, "MARIN") was and is an NYPD officer employed by defendant CITY.

10. That at all times herein mentioned, defendant MARIN was acting within the course and scope of his employment with defendant CITY.

SECOND AMENDED COMPLAINT - 2

11.     That at all times herein mentioned, defendant MARIN was acting under color of state law.

12.     Defendant MARIN is sued herein in both his individual and official capacities.

13.     That at all times herein mentioned, defendant DETECTIVE KATHLEEN GRANT (hereinafter, "GRANT") was and is an NYPD officer employed by defendant CITY.

14.     That at all times herein mentioned, defendant GRANT was acting within the course and scope of her employment with defendant CITY.

15.     That at all times herein mentioned, defendant GRANT was acting under color of state law.

16.     That defendant GRANT is sued herein in both her individual and official capacities.

17.     That at all times herein mentioned, defendant DETECTIVE EHTASHAM KHAN (hereinafter, "KHAN") was and is an NYPD officer employed by defendant CITY.

18.     That at all times herein mentioned, defendant KHAN was acting within the course and scope of his employment with defendant CITY.

19.     That at all times herein mentioned, defendant KHAN was acting under color of state law.

20.     Defendant KHAN is sued herein in both his individual and official capacities.

21.     That at all times herein mentioned, defendant SGT. ADAN MUNOZ (hereinafter, "MUNOZ") was and is an NYPD officer employed by defendant CITY.

22.     That at all times herein mentioned, defendant MUNOZ was acting within the course and scope of his employment with defendant CITY.

SECOND AMENDED COMPLAINT - 3

23.     That at all times herein mentioned, defendant MUNOZ was acting under color of state law.

24.     Defendant MUNOZ is sued herein in both his individual and official capacities.

25.     That at all times herein mentioned, defendant UC # 52 was and is an NYPD officer employed by defendant CITY.

26.     That at all times herein mentioned, defendant UC # 52 was acting within the course and scope of his/her employment with defendant CITY.

27.     That at all times herein mentioned, defendant UC # 52 was acting under color of state law.

28.     Defendant UC # 52 is sued herein in both his/her individual and official capacities.

29.     That at all times herein mentioned, defendant UC # 286 was and is an NYPD officer employed by defendant CITY.

30.     That at all times herein mentioned, defendant UC # 286 was acting within the course and scope of his/her employment with defendant CITY.

31.     That at all times herein mentioned, defendant UC # 286 was acting under color of state law.

32.     Defendant UC # 286 is sued herein in both his/her individual and official capacities.

33.     That at all times herein mentioned, defendant DETECTIVE ANDREW PRENDERGAST (hereinafter, "PRENDERGAST") was and is an NYPD officer employed by defendant CITY.

SECOND AMENDED COMPLAINT - 4

34.     That at all times herein mentioned, defendant PRENDERGAST was acting within the course and scope of his/her employment with defendant CITY.

35.     That at all times herein mentioned, defendant PRENDERGAST was acting under color of state law.

36.     Defendant PRENDERGAST is sued herein in both his/her individual and official capacities.

37.     That at all times herein mentioned, defendant DETECTIVE VINCENT BARASE (hereinafter, "BARASE") was and is an NYPD officer employed by defendant CITY.

38.     That at all times herein mentioned, defendant BARASE was acting within the course and scope of his/her employment with defendant CITY.

39.     That at all times herein mentioned, defendant BARASE was acting under color of state law.

40.     Defendant BARASE is sued herein in both his/her individual and official capacities.

41.     That at all times herein mentioned, defendant CAPTAIN GREGORY STEWART (hereinafter, "STEWART") was and is an NYPD officer employed by defendant CITY.

42.     That at all times herein mentioned, defendant STEWART was acting within the course and scope of his/her employment with defendant CITY.

43.     That at all times herein mentioned, defendant STEWART was acting under color of state law.

44.     Defendant STEWART is sued herein in both his individual and official capacities.

SECOND AMENDED COMPLAINT - 5

45. That at all times herein mentioned, defendants JOHN DOES 1 through 15 were and are NYPD officers employed by defendant CITY.

46. That at all times herein mentioned, defendants JOHN DOES 1 through 15 were acting within the course and scope of their employment with defendant CITY.

47. That at all times herein mentioned, defendants JOHN DOES 1 through 15 were acting under color of state law.

48. The names "JOHN DOES 1 through 15" are fictitious, as these defendants' true names are presently unknown.

49. These defendants are intended to be the law enforcement personnel involved in the detention, searches, arrest, and imprisonment of plaintiff.

50. That defendants JOHN DOES 1 through 15 are sued herein in both their individual and official capacities.

51. That at all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees, including, without limitation, defendants MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, and JOHN DOES 1-15.

52. At all relevant times herein, the individual defendants acted jointly and in concert with each other.

53. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

SECOND AMENDED COMPLAINT - 6

## STATEMENT OF FACTS

54.     The facts stated in this complaint are based, inter alia, on the personal knowledge

of plaintiff regarding events in which he was directly involved and upon information and belief.

The sources of "information and belief" factual statements are primarily documents from the

underlying criminal prosecution and related public documents which are currently available to

plaintiff. Those sources are incomplete, particularly, without limitation, as to numerous

documents and court exhibits. This complaint is drawn without the benefit of full discovery

proceedings.

55.     Plaintiff repeats and realleges each and every allegation set forth above as though

fully set forth at length herein.

56.     On January 14, 2014 at approximately 8:00 p.m., at 54 Patchen Avenue, Brooklyn,

New York 11221, plaintiff was falsely arrested by defendants.

57.     Plaintiff, a self-employed livery cab driver, was lawfully parked in front of his

home when defendants approached him in his vehicle and made this arrest.

58.     Plaintiff's car was a 2010 Toyota Camry.

59.     Defendants were abusive to plaintiff and threatened the use of physical violence

when arresting plaintiff.

60.     Defendants proceeded to conduct a search of plaintiff's car, without consent or

probable cause, and unlawfully impounded the car.

61.     Defendants then searched plaintiff's person, without consent or probable cause,

and confiscated his car keys, house keys, cellular phone, and wallet.

SECOND AMENDED COMPLAINT - 7

62.     Plaintiff was then taken to a police precinct, brought into a room, and illegally strip searched and subjected to a visual body cavity search in front of approximately five police officers.

63.     While at this precinct, Plaintiff was neither photographed nor fingerprinted.

64.     Plaintiff was then taken to a different precinct where he was searched again. Defendants continued to use abusive language and threatened plaintiff, and informed plaintiff that his car was "gone."  Upon information and belief, plaintiff's vehicle was never returned to him and he remains without his vehicle presently.

65.     Plaintiff was then taken to Central Booking where he remained falsely imprisoned for an extended period of time.

66.     Plaintiff was never at any point given a lawyer, seen by a judge, or told what he was being charged with. After some time, plaintiff was then told by defendants that he was free to leave.

67.     Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to plaintiff's constitutional and civil rights.

68.     Further, in connection with defendants' unlawful arrest, imprisonment, and prosecution of plaintiff, defendants illegally seized plaintiff's vehicle without any probable cause, privilege, or consent, and, upon information and belief, thereafter brought civil forfeiture proceedings against plaintiff with respect to plaintiff's car.

69.     Defendants brought said civil forfeiture proceeding with the intent to harm plaintiff without economic or social excuse or justification.

SECOND AMENDED COMPLAINT - 8

70. In bringing the civil forfeiture proceeding, defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. This included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause, in fabricating allegations against plaintiff, and in perjuring themselves in court proceedings and documents.

71. As a result of the foregoing, plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of property, loss of use and enjoyment of his property, incurred monetary costs, economic loss, and deprivation of his constitutional rights.

72. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15

### (False Arrest/Imprisonment Claim Under 42 U.S.C. § 1983)

73. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

74. Defendants, while acting in concert and within the scope of their employment and authority, and without a warrant, seized plaintiff, forcibly put plaintiff into handcuffs, placed plaintiff under arrest without any reasonable cause to believe that plaintiff had committed, was committing, or was about to commit any offense, and caused plaintiff to be imprisoned and incarcerated at various facilities, and thereby deprived plaintiff of his rights, liberties, and

SECOND AMENDED COMPLAINT - 9

freedoms under color of state law, including plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15**

**(Excessive Force Claim Under 42 U.S.C. § 1983)**

75.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

76.     Defendants, acting in concert and within the scope of their employment and authority,  used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15**

**(Malicious Prosecution Claim Under 42 U.S.C. § 1983)**

77.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

78.     Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor – in violation of plaintiff's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

SECOND AMENDED COMPLAINT - 10

1

2

3
## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
## MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15

### (Malicious Abuse of Process Claim Under 42 U.S.C. § 1983)

4

5
79.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

6

7
80.     Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

8

9

10

11

12

13
81.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures and to due process of law.

14

15

16

17

18

19

20

SECOND AMENDED COMPLAINT - 11

1

2

3

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

4

**(Illegal Search Under 42 U.S.C. § 1983)**

5

82.     Plaintiff repeats and realleges each and every allegation set forth above as though

6

fully set forth at length herein.

7

83.     Defendants, acting in concert and within the scope of their employment and

8

authority, without legal basis, justification, reasonable suspicion, or probable cause, subjected

9

plaintiff to unlawful strip search and a body cavity search.

10

84.     The acts and conduct of the defendants were the direct and proximate cause of

injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was

11

deprived of his rights, privileges and immunities secured by the Constitution of the United States,

including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be

12

free from unreasonable or unlawful searches and seizures and to due process of law.

13

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

14

15

**(Failure-to-Intervene Claim Under 42 U.S.C. § 1983)**

16

85.     Plaintiff repeats and realleges each and every allegation set forth above as though

fully set forth at length herein.

17

86.     Each individual defendant had an affirmative duty to intervene on behalf of

18

plaintiff, whose constitutional rights were being violated in that defendant's presence by other

19

police officers, but failed to intervene to prevent the unlawful conduct, despite having had a

20

SECOND AMENDED COMPLAINT - 12

realistic opportunity to do so, in violation of plaintiff's right under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

<u>**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT CITY**</u>
**(Municipal Liability "Monell" Claim under 42 U.S.C. § 1983)**

87.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

88.     The individual defendants, singly and collectively, while acting within the scope of their employment and authority and under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the NYPD and their specific precinct(s) forbidden by the Constitution of the United States.

89.     The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, subjecting individuals to excessive force, and committing perjury.

90.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the NYPD, which was known to and ratified by defendant CITY.

91.     Despite knowledge of these institutionalized practices, defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

92.     Defendant CITY had prior notice of the vicious propensities of defendants MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

SECOND AMENDED COMPLAINT - 13

93. The failure of defendant CITY to properly train defendants MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15 included the failure to instruct them in applicable provisions of the State Penal Law of the State of New York, federal and state constitutional limitations, and the proper and prudent use of force.

94. Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by, among other things:

    a. Failing to properly discipline, train, restrict, and control employees, including defendants MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15, known to be irresponsible in their dealings with citizens of the community;

    b. Failing to take adequate precautions in the training, hiring, promotion, and retention of police personnel, including specifically defendants MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15.

    c. Failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by police personnel;

    d. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

SECOND AMENDED COMPLAINT - 14

e. That the failure to supervise and/or train by defendant CITY of defendants MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15 rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

95.     The NYPD has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

96.     The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

97.     The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

98.     The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS
MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,
STEWART, AND DOES 1-15**

**(Illegal Seizure of Property Under 42 U.S.C. § 1983)**

99.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

SECOND AMENDED COMPLAINT - 15

100.    Defendants, acting in concert and within the scope of their employment and authority, illegally, improperly and unlawfully seized plaintiff's vehicle without any legal basis, probable cause, privilege, or consent.

101.    That the seizure of plaintiff's vehicle was objectively unreasonable and in violation of the plaintiff's constitutional rights.

## **Supplemental State Law Claims**

102.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

103.    Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with defendant CITY OF NEW YORK a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

104.    More than thirty (30) days have elapsed since the presentation of plaintiff's claims to defendant CITY. And defendant CITY has wholly neglected or refused to make an adjustment or payment thereof.

105.    This action was commenced within one (1) year and ninety (90) days after the claims accrued.

106.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

107.    That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

**(False Arrest/Imprisonment Claim Under New York Law)**

108.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

109.    Defendants, acting in concert and within the scope of their employment and authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

110.    Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

**(Assault Claim Under New York Law)**

111.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

112.    Defendants, acting in concert and within the scope of their employment and authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

113.    Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

**(Battery Claim Under New York Law)**

114.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

115.    Defendants, acting in concert and within the scope of their employment and authority, made offensive contact with plaintiff without privilege or consent.

116.    Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

**(Malicious Prosecution Claim Under New York Law)**

117.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

118.    Defendants, acting in concert and within the scope of their employment and authority, caused plaintiff to be prosecuted with malice and without probable cause – a prosecution that terminated in plaintiff's favor.

119.    Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,
STEWART, AND DOES 1-15**

**(Abuse of Process Claim Under New York Law)**

120.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

121.    Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

122.    Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

**FOURTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,
STEWART, AND DOES 1-15**

**(Violation Of Plaintiff's Rights Under The New York State Constitution)**

123.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

SECOND AMENDED COMPLAINT - 19

124.    Defendants, acting in concert and within the scope of their employment and authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

125.    Defendants, acting in concert and within the scope of their employment and authority, violated plaintiff's right to be free of unreasonable and unlawful searches and seizures under Article I, § 12 of the New York State Constitution.

126.    Defendants, acting in concert and within the scope of their employment and authority, consciously disregarded known and excessive risks to plaintiff's liberty and welfare and engaged in a deliberate and unjustified effort to manufacture guilt against plaintiff in furtherance of a plan to secure and sustain an unjust conviction against her.

127.    Upon information and belief, this included a course of conduct and pattern of behavior whereby defendants, inter alia, created and fabricated evidence to create the appearance of probable cause to believe that plaintiff had committed one or more offenses, intentionally and maliciously concealed material exculpatory evidence, and unduly influenced the statements and testimony of witnesses by means of threats, coercion, violence, or deceit.

128.    That by virtue of the aforementioned acts, defendants deprived plaintiff of his liberty and property without due process of law, in contravention of Article I, § 6 of the New York State Constitution.

129.    Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

SECOND AMENDED COMPLAINT - 20

**FIFTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

**(Intentional Infliction Of Emotional Distress)**

130.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

131.    Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct which was extreme, outrageous, shocking and which exceeded all reasonable bounds of decency.

132.    Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff.

133.    Defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

**SIXTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

**(Negligent Infliction Of Emotional Distress)**

134.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

135.    Defendants, acting in concert and within the scope of their employment and authority, engaged in the aforesaid conduct in a manner that was careless and negligent as to the emotional health of plaintiff.

136.    Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

SECOND AMENDED COMPLAINT - 21

### SEVENTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE, STEWART, AND DOES 1-15

**(Negligence / Gross Negligence)**

137.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

138.    That the aforesaid incident and resulting injuries to plaintiff were due to the negligence and/or gross negligence of defendants, and each of them, in the manner in which they performed their duties as officers of the NYPD; in failing to exercise reasonable care in connection with the performance of their duties; in failing adequately to evaluate the situation confronting them; and in otherwise being negligent and/or grossly negligent.

139.    That the aforementioned incident and injuries to plaintiff were caused solely and wholly by reason of the recklessness, carelessness, and negligence and/or gross negligence of defendants herein and without any negligence on the part of plaintiff contributing thereto.

140.    Defendant CITY is liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

### EIGHTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT CITY
**(Negligent Screening, Hiring, Supervision, And Retention Claim Under New York Law)**

141.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

142.    Defendants failed to use reasonable care in the screening, hiring, supervision, and retention of the NYPD employees who participated in the above unlawful conduct.

143.    Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

SECOND AMENDED COMPLAINT - 22

**NINETEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
**MARIN, GRANT, KHAN, MUNOZ, UC # 52, UC # 286, PRENDERGAST, BARASE,**
**STEWART, AND DOES 1-15**

**(Negligent Training Claim Under New York Law)**

144.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

145.     Defendants failed to use reasonable care in the training of the NYPD employees who participated in the above unlawful conduct.

146.     Defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all the defendants:

    a.      Compensatory damages in an amount to be determined at trial;

    b.      Punitive damages in an amount to be determined at trial;

    c.      Attorney's fees pursuant to 42 U.S.C. § 1988;

    d.      An award of plaintiff's costs of suit;

    e.      Pre-judgment and post-judgment interest;

    f.      Such other relief as this Court deems just and proper.

Dated: New York, New York
       October 6, 2015

                                 Respectfully submitted,

                                 BENNO & ASSOCIATES P.C.

                    By: _____
                            Ameer Benno
                            30 Wall Street, 8th Floor
                            New York, NY 10005
                            Tel.: (212) 227-9300
                            abenno@ameerbenno.com

                            *Attorneys for Plaintiff*

SECOND AMENDED COMPLAINT - 24